STATE of Missouri,
Plaintiff/Respondent,

v.

Robert Eugene DOLE,
Defendant/Appellant.

No. 48783.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 31, 1984.

Jeffrey K. Rath, Asst. Public Defender, Columbia, for defendant/appellant.

John Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

CLEMENS, Senior Judge.

Arson. A jury found defendant guilty as an accessory to burning his mother's vacant house trailer. Pursuant to the verdict the trial court sentenced defendant to one year in jail.

The only issue now raised is the trial court's admitting defendant's written con-

fession into evidence. This after extensive testimony pro and con as to whether the confession was voluntary.

The state's evidence was that after extensive questioning and Miranda warnings defendant voluntarily and while not in custody executed a written statement. Thereby he admitted he and his mother saturated her insured house trailer with gasoline, lit it and fled. The fire's incendiary nature was verified by a certified fire department investigator.

Defendant contends his incriminating statement was involuntary. This because of his limited intellect and after prolonged questioning being induced to make it by promises of freedom.

After extensive testimony about defendant's written statement the trial court denied defendant's objection, admitted it into evidence and submitted it to the jury. This is defendant's sole objection to his conviction.

Admitting the defendant's challenged confession into evidence; we ruled in *State v. Young*, 610 S.W.2d 8 [17–19] (Mo.App. 1980):

> "Where, as in the present case, the testimony conflicts as to whether the confession was voluntary, admission of the confession into evidence by the trial court is a matter of discretion."

To the same effect see *State v. Cleveland*, 627 S.W.2d 600[1] (Mo.Sup.1982).

Affirmed.

DOWD, P.J., and CRIST, J., concur.